The State, ex rel. Brown, Appellant, *v.* Napco et al., Appellees.

[Cite as State, ex rel. Brown, v. Napco (1975), 44 Ohio App. 2d 140.]

(No. 5-118—Decided March 31, 1975.)

*Mr. William J. Brown*, Attorney General, *Mr. Robert E. Bloch* and *Mr. Richard M. Firestone*, for appellant.

*Messrs. Lambros, Calabrese, Schmelzer, Garofoli & Caterino*, for appellees Henry Petti and Enterprise Realty Corporation.

*Messrs. Kraus & Stanton*, for appellees Napco, Edward Napoli and Michael Napoli.

Dahling, J. This cause is in this court on appeal from a judgment of the Court of Common Pleas of Lake County granting defendants' Motion to Dismiss. The record on appeal consists of the pleadings, motions, briefs and judgment entry of the trial court. There is no trial transcript nor transcripts of any other proceedings.

The Complaint charges defendants, the appellees herein, with a violation of R. C. 1331.01 (B) (1) (3) and 1331.-04, known as the Valentine Act. The Complaint alleges that Napco, a limited partnership, along with general partners Michael J. Napoli, Edward G. Napoli and Henry Petti, own and operate the Eldorado Village Mobile Home Park and Sales, and that Enterprise Realty Corporation is the man-

aging agent of Eldorado Park, for Napco. Also alleged as co-conspirators are various persons, but they are not named as defendants.

The violation charged is that the defendants have formed a combination and entered into an agreement whereby any prospective tenant who desires to lease mobile home lot space (tying product) in Eldorado Park can only do so if such tenant purchases a new mobile home vehicle (tied product) from Napco. The current tenants have been notified they will be evicted by March 1, 1975, and will not be permitted to move into the redeveloped portion of the park unless they purchase a new mobile home from Napco, irrespective of the age or condition of the mobile homes they now own.

The Complaint alleges that due to the high demand for mobile home sites in that area, the defendants have strong market power which they are using to force consumers to purchase a mobile home they do not want and have suppressed competition in the sale of mobile homes among other mobile home dealers, all in violation of the Valentine Act.

The trial court granted defendants' Motion to Dismiss, which alleged that the five defendants were in fact one and the same entity. Defendants reasoned that the limited partnership, the general partners, and the agent are in fact one entity and, therefore, are incapable of conspiracy with one another in violation of the Valentine Act since the act requires a combination of two or more entities.

Defendants relied on *Nelson Radio and Supply Co.* v. *Motorola* (C. A. 5, 1952), 200 F. 2d 911, wherein the court held, at 914:

"It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."

Defendants also cited *Daily Monument Co.* v. *Crown Hill Cemetery Assn.* (1961), 18 Ohio Op. 2d 343, wherein the court defined the word "trust," at page 348, as used in the Valentine Act, as follows:

" 'Trust' is a combination of capital, skill, or acts by two or more persons for any of the following purposes: * * * It, therefore, follows that there must be a combination of persons or entities who act together in violation of the provisions of this chapter before there can be a cause of action stated."

Plaintiff has presented three Assignments of Error, which are as follows:

"I. The court erred in sustaining the defendants' Motions to Dismiss by holding, as a matter of law, that NAP-CO, a limited partnership, and Enterprise Realty Corporation, its independent corporate agent, are one entity and not two separate persons as defined by Ohio Revised Code Sec. 1331.01, capable of combining to violate Ohio's antitrust laws.

"II. The court erred in sustaining the defendants' Motions to Dismiss by failing to find that a combination of capital, skill, or acts by two or more persons, as defined by Ohio Revised Code Sec. 1331.01, could exist between NAPCO and each buyer of a new mobile home from NAP-CO.

"III. The court erred in concluding that it appeared to a certainty that no set of facts could be proved which would entitle plaintiff to relief and that plaintiff's Complaint did not demonstrate on its face the existence of any combination of capital, skill, or acts by two or more persons, as defined by Ohio Revised Code Sec. 1331.01."

We will now consider the Assignments of Error in the order in which they appear above. We are of the opinion that the first Assignment of Error is well taken. The Complaint alleges that both Enterprise Realty Corporation and Napco maintained their separate identities as independent businesses and that each retained its status as an independent legal entity to conduct separate business activities. Under the Valentine Act, Napco and Enterprise, as alleged in the Complaint, are two persons capable of combining to restrain competition in violation of R. C. 1331.-01.

Regarding Assignment of Error 2, we find that the Complaint does not allege that defendants conspired with the

people they are selling mobile homes to. The state relies on the following paragraph in the Complaint:

"Various persons not named as defendants herein have participated as co-conspirators in the violations alleged and have performed acts and made statements in furtherance thereof."

We find that the Complaint failed to allege facts which would bring the buyers of mobile homes, the consumers, under the Valentine Act. Assignment of Error 3 is well taken, since the Complaint alleged facts which would entitle the state to relief.

In conclusion, we hold that the trial court erred in granting the Motion to Dismiss. We, therefore, reverse the order before us for review and remand this cause for further proceedings according to law.

*Judgment reversed and cause remanded.*

HOFSTETTER, P. J., and COOK, J., concur.